**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimeon Mosley,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Boston Market Corporation,<br><br>　　　　　Defendant. | No. CV-19-05890-PHX-SPL<br><br>**ORDER** |

Plaintiff Daimeon Mosley has filed a motion for default judgment against Defendant Boston Market Corporation pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (Doc. 11).

**I.   Background**

On December 23, 2019, Plaintiff filed a complaint against Defendant, bringing claims for violations of the Americans with Disabilities Act, 42 U.S.C. §12181 *et. seq.* and its implementing regulations ("ADA") (Doc. 1). Defendant did not answer or otherwise respond to the complaint, and on April 9, 2020, the Clerk of Court entered default (Doc. 10). Plaintiff has filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure (Doc. 11). No response to the motion has been filed. For reasons that follow, the motion will be granted.

**II.   Discussion**

Once a party's default has been entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

Cir. 1980). Factors the court may consider include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v.McCool*, 782 F.2d 1470, 1471-72.  In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### A.   Possible Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of granting Plaintiff's motion. Plaintiff served Defendant on March 4, 2020 (Doc. 7). Defendant did not answer the complaint or otherwise appear in this action. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B.   Merits of Plaintiff's Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). As outlined in Plaintiff's memorandum (Doc. 11) and complaint (Doc. 1), Plaintiff shows that he has stated a valid cause of action against Defendant under the ADA.

### C.   Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. On default judgment, Plaintiff seeks only declaratory and injunctive relief. Although Plaintiff seeks recovery of attorneys' fees and costs, he does not seek monetary damages. This factor favors default judgment.

### D.   Possible Dispute Concerning Material Facts

Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F.

Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560. This factor therefore weighs in favor of default judgment.

### E. Whether Default Was Due to Excusable Neglect

Defendant was properly served with the summons and the complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure (Doc. 7). There is no evidence that its failure to answer and the resulting default was the result of excusable neglect. Thus, this factor also weighs in favor of default judgment.

### F. The Policy Favoring a Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, Defendant's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court, therefore, is not precluded from entering default judgment against Defendant. *See id.*; *Emp. Painters' Tr. v. Ethan Enter., Inc.*, 480 F.3d 993, 1000-01 (9th Cir. 2007).

## III. Attorney's Fees and Costs

As the prevailing party, the Court finds that Plaintiff is entitled to an award of attorneys' fees. *See* 42 U.S.C. § 12205 (in any action commenced under the ADA, the court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs."). Plaintiff may file a motion for attorneys' fees and costs within fourteen (14) days of this Order.

## IV. Conclusion

Having reviewed Plaintiff's motion, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate. Accordingly,

**IT IS ORDERED** that the Motion for Default Judgment (Doc. 11) is **granted** and judgment is entered in favor of Plaintiff Daimeon Mosley and against Defendant Boston Market Corporation.

**IT IS FURTHER ORDERED** that it is **declared** and **adjudged** that, at the time of

3

the commencement of this action and as described in the complaint, Defendant Boston Market Corporation's place of public accommodation located at 8001 North 19th Avenue, Phoenix, Arizona 85021 was in violation of Title III of the ADA and the implementing regulations of the ADA.

**IT IS FURTHER ORDERED** that Boston Market Corporation is **permanently enjoined** pursuant to the ADA and the implementing regulations of the ADA, from maintaining its place of public accommodation located at 8001 North 19th Avenue, Phoenix, Arizona 85021 in a manner that violates the ADA as described in the complaint.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for attorneys' fees and costs within **fourteen (14) days** of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 4th day of August, 2020.

                                              Honorable Steven P. Logan
                                              United States District Judge